Filed/Docketed
Sep 16, 2021

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Case No. 21-10075-R** |
| **WOODS, Dustin Cody,** | ) | **Chapter 7** |
| | ) | |
| **Debtor.** | ) | |
| **FIRST PRYORITY BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Adv. No. 21-1008-R** |
| | ) | |
| **DUSTIN CODY WOODS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER DENYING MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss Complaint Under F.R.Civ.P. 12(b)(6) (Adv. Doc. 14) ("Motion"); Plaintiff's Response to Motion to Dismiss (Adv. Doc. 15) ("Response"); Defendant's Reply Brief (Adv. Doc. 16) ("Reply"); and Plaintiff's Surreply (Adv. Doc. 19).

## I. Jurisdiction

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334, 157(a), and 157(b)(1) and (2)(I), and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

## II. Motion to Dismiss Standard

Defendant/Debtor Dustin Cody Woods ("Woods") moves to dismiss this adversary proceeding under Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable

to adversary proceedings by Bankruptcy Rule 7012(b)). Rule 12(b)(6) allows dismissal of a complaint at the pleading stage if it fails "to state a claim upon which relief can be granted."[1]

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7008), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] The Court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff."[5]

## III. Discussion

### A. The Complaint

In its Complaint to Determine Dischargeability of Debt (Adv. Doc. 1) ("Complaint"), Plaintiff First Pryority Bank (the "Bank") alleges that Woods induced the

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] Fed. R. Civ. P. 8(a)(2).

[3] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

[4] Id.

[5] Burnett v. Mortg. Elec. Registration Sys., Inc., 706 F.3d 1231, 1235-36 (10th Cir. 2013).

Bank to loan Woods $250,000 "by representing that he was purchasing equipment, including coolers, and inventory for Crown Spirits and that he would pay the Note back;"[6] that the Bank "reasonably relied on the false representations in making the loan;"[7] that Woods "did not actually use the funds to purchase the coolers;"[8] that Woods knew that his representations were false when he made them;[9] that less than a month later, Woods "entered into an agreement to sell the assets securing the loan to a third party" and that Woods did not inform the Bank that he intended to sell the Bank's collateral; [10] that the Bank did not authorize the sale of its collateral;[11] and that the loan was procured as a result of fraud.[12] These allegations are generally supported or supplemented by statements made in an affidavit of the Bank's president, which is appended to the Complaint as Exhibit A.

Prior to Woods' bankruptcy, the Bank had sued Woods in state court for breach of contract and fraud based upon the above-stated allegations. In January 2021, the Bank filed a motion for summary judgment in the state court case, to which Woods did not respond. The Bank's motion was pending when Woods filed his petition for Chapter 7 relief in this Court.[13] The motion for summary judgment, and all materials attached to the

[6] Complaint ¶ 5.

[7] Id. ¶ 6.

[8] Id. ¶ 10.

[9] Id. ¶ 7.

[10] Id. ¶ 11.

[11] Id. ¶ 13.

[12] Id. ¶ 16.

[13] Id. ¶ 14.

motion, including loan documents, a cashier's check, UCC-1 statements, affidavits, discovery materials, and a purchase and sale agreement, comprise Exhibit B to the Complaint. Attached to the Complaint as Exhibit C is an affidavit of the purchaser of the assets. Again, this exhibit has further attachments, specifically a bill of sale, a letter of intent, checks, and cash receipts.[14]

"In evaluating a motion to dismiss, [the court] may consider not only the complaint, but also the attached exhibits and documents incorporated into the complaint by reference."[15] Thus, in determining whether the Complaint states a plausible claim for relief, the Court considers not only allegations made in the body of the Complaint, but also the exhibits incorporated into the Complaint by reference.

In its prayer for relief, the Bank seeks a declaration that Woods' debt to the Bank in the amount of $217,416.25 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).[16]

B. Woods' contention

Section 523(a)(2)(A) excepts from discharge debts –

> for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or

---

[14] It is questionable whether Exhibit C has been incorporated into the Complaint by reference, but in any event, the Court did not need to consider Exhibit C in its analysis under Rule 12(b)(6).

[15] Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc., 680 F.3d 1194, 1201 (10th Cir. 2011). See also Fed. R. Civ. P. 10(c) (made applicable to this proceeding by Bankruptcy Rule 7010) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes").

[16] Unless otherwise specified, all references to "Section" or "§" herein are to sections of Title 11, United States Code.

> actual fraud, *other than a statement respecting the debtor's or an insider's financial condition*.[17]

Woods contends that the alleged false statement – that some of the borrowed funds would be used to purchase coolers, equipment, and inventory – is a "statement respecting [his] financial condition," as that phrase has been interpreted by the United States Supreme Court in Lamar, Archer & Cofrin, LLP v. Appling,[18] and therefore the Bank fails to state a claim under § 523(a)(2)(A).

In Lamar, the Supreme Court was asked to interpret the breadth of the phrase "statement respecting a debtor's . . . financial condition," specifically whether a debtor's false statement about a single asset could be one "respecting" the debtor's financial condition. The opposing view at the time was that the statement had to be one that represented the debtor's overall financial health. The Supreme Court held that a debtor's false statement about a single asset *may* suffice as one "respecting" the debtor's financial condition.[19] Thus, creditors who relied on a debtor's false statement about the existence, ownership, or value of a single asset may not seek an exception from discharge under § *523(a)(2)(A)* because that section expressly *excludes* statements "respecting" the debtor's financial condition. Those creditors, the ones who allegedly relied on a false statement respecting the debtor's financial condition, are directed to § 523(a)(2)(B), which imposes, as a threshold requirement, that the false statement be "in writing."

---

[17] 11 U.S.C. § 523(a)(2)(A) (emphasis added).

[18] 138 S.Ct. 1752 (2018).

[19] Id. at 1764.

C. The Bank's response

The Bank contends that the false statement upon which it reasonably relied in extending credit to Woods was "in writing" in the form of the invoice he provided to the Bank that indicated that he had purchased the equipment, and therefore the Bank has stated a claim, albeit under § 523(a)(2)(B) rather than § 523(a)(2)(A). The Bank also contends that the Complaint states a claim under § 523(a)(6), which excepts from discharge debts arising from "willful and malicious injury by the debtor to another entity or to the property of another entity."[20]

D. Plausible claims

The Court has carefully examined the Complaint and all exhibits incorporated therein. From this set of documents, taken in the light most favorable to the Bank, the Court may reasonably infer the following: the Bank loaned Woods $250,000 for the purpose of "refinance[ing] debt from another bank and purchas[ing] additional inventory, furniture, fixtures and equipment;"[21] Woods furnished the Bank with an invoice from Luxx Homes & Outdoor that represented that Woods had purchased a walk-in cooler, glass entry and display doors, a condensing unit, an "Evap unit," and installation;[22] the invoice showed a "Balance Due" of $30,000;[23] the Bank issued Woods, as remitter, a $30,000 cashier's

[20] 11 U.S.C. § 523(a)(6).

[21] Exhibit 2 of Exhibit B to the Complaint, ¶ 8. Exhibit B consists of the state court motion for summary judgment and Exhibits 1-8 to the motion. Hereinafter, the Court will refer to exhibits attached to the motion for summary judgment as "MSJ Exhibit _."

[22] MSJ Exhibit 4.

[23] Id.

check made payable to Luxx Homes & Outdoor;[24] the Bank was led to believe the loan was secured in part by the assets listed on the invoice;[25] Woods did not purchase the coolers and equipment nor did he return the funds to the Bank;[26] and the Bank "reasonably relied" on the written false representations in extending credit to Woods.[27] The Court finds that paragraphs 1-10 of the Complaint and the exhibits attached thereto state a plausible claim under § 523(a)(2)(B).[28]

The Court further finds that paragraphs 11 through 13 of the Complaint and exhibits attached thereto, taken in the light most favorable to the Bank, allow the Court to reasonably infer that: Woods granted the Bank a security interest in all his assets, including his business assets, and the proceeds thereof;[29] within a month after granting the Bank a security interest in his business assets, he sold those assets to a third party;[30] Woods knew he was obligated to seek approval of the Bank to sell the assets and he failed to do so;[31] Woods knew that "disposition" of the Bank's colletaral without permission would "violate

[24] MSJ Exhibit 5.

[25] MSJ Exhibits 6, 7.

[26] Complaint ¶ 10, and MSJ Exhibit 1, ¶ 7.

[27] Complaint ¶ 6.

[28] To except a debt from discharge under § 523(a)(2)(B), the creditor must establish that the debtor made a materially false statement "respecting the debtor's . . . financial condition" in writing; that the creditor "reasonably relied" on the false statement; and that the debtor made or published the statement with intent to deceive the creditor.

[29] MSJ Exhibit 6.

[30] Complaint ¶ 11.

[31] MSJ Exhibit 6, ¶ 6(C); Exhibit A, ¶¶ 6, 7.

[the Bank's] rights;"[32] and Woods failed to pay the proceeds of the collateral to the Bank.[33] Thus, one can reasonably infer that Woods knowingly and wrongfully disposed of the Bank's collateral, to the detriment of the Bank, which is sufficient to state a plausible claim under § 523(a)(6).[34]

E. Deficiencies in the Complaint

Dismissal of this proceeding is not warranted because at least two plausible claims can be reasonably inferred from the entirety of the Bank's Complaint. The Court finds, however, that the Complaint is deficient under Rules 8 and 10 of the Federal Rules of Civil Procedure.[35] As set forth above, some of the factual allegations relied upon by the Bank to state its claims are contained in an affidavit attached to the Complaint, the motion for summary judgment attached to the Complaint, or the exhibits attached to the motion for summary judgment. Because those allegations are not set forth in the body of the Complaint, it is impossible for Woods to admit or deny such allegations or frame defenses.[36] Rule 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be

[32] MSJ Exhibit 6, ¶ 6(C).

[33] Exhibit B at 3, ¶ 14.

[34] See, e.g., Kraus Anderson Capital, Inc. v. Bradley, (In re Bradley), 507 B.R. 192, 201-05 (6th Cir. 2014); California Bank & Trust v. Licursi (In re Licursi), 573 B.R. 786, 807-810 (Bankr. C.D. Cal. 2017).

[35] These rules are made applicable to adversary proceedings by Bankruptcy Rules 7008 and 7010.

[36] See Fed. R. Civ. P. 12(e) (made applicable hereto by Bankruptcy Rule 7012).

stated in a separate count."[37] Rule 8(d) requires that "each allegation must be simple, concise, and direct."[38] Accordingly, the Court orders that within 14 days hereof, the Bank shall file an amended complaint to clarify its claims and provide a more definite statement of any factual allegations supporting the elements of such claims *in the body of the amended complaint*, so that Woods may reasonably prepare a response.[39]

## IV. Conclusion

The Motion is denied. Within 14 days hereof, the Bank shall file an amended complaint that sets forth, in separate numbered paragraphs, a concise set of factual allegations for each claim for which it seeks relief.

**SO ORDERED** this 16th day of September, 2021.

DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

[37] Fed. R. Civ. P. 10(b).

[38] Fed. R. Civ. P. 8(d).

[39] In his Reply, Woods states that he does not consent to granting the Bank leave to amend its Complaint. He argues that amending to add claims under §§ 523(a)(2)(B) and (a)(6) would be futile and would not relate back to the original Complaint. The Court rejects these arguments. As set forth above, factual allegations and documents supporting claims under § 523(a)(2)(B) and (a)(6) are already in the record before the Court, and thus the concepts of futility and relation back are irrelevant. Further, the Court finds that Woods will not suffer undue prejudice from a clarifying amendment because Woods has been aware of the operative facts underlying the Bank's claims since January 2021, when the Bank filed its motion for summary judgment in the state court case.